IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WILLIAM IRA NESMITH,

    Plaintiff,

v.

CORRECTIONS CORPORATION OF
AMERICA; COFFEE CORRECTIONAL
FACILITY; Senior CO Sgt. J. A. JOHNSON,
Warden TODD THOMAS, and JAMES
DONALD, Commissioner, Georgia
Department of Corrections,

    Defendants.

CIVIL ACTION NO.: CV507-043

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined Lee State Prison in Leesburg, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was housed at Coffee Correctional Facility in Nicholls, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff avers that while he was housed at Coffee Correctional Facility, he was refused a meal and subsequently requested to see a supervisor. Plaintiff further avers that when Defendant Jackson refused Plaintiff's request to see a supervisor, Plaintiff presented his hands behind his back and requested lockdown. Plaintiff alleges Defendant Jackson then handcuffed Plaintiff, jerked the handcuffs upward, kicked Plaintiff's feet out from under him, and banged Plaintiff's head on the floor several times while exclaiming "So you want to see a supervisor?" (Compl., p.1). Plaintiff states that as a result of this incident, he was taken to the medical department due to an injury over his right eye.

Plaintiff names Corrections Corporation of America as a Defendant due to its role as employer for all of the other named Defendants. Private contractors who run prisons or units thereof act under color of state law for purposes of § 1983. See Farrow v. West, 320 F.3d 1235 (11th Cir. 2003). However, these contractors cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis. Monell v. Dep't of Soc. Servs. 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Congress did not intend to create liability under § 1983 unless action pursuant to an official policy or custom caused a constitutional tort. Id. at 691, 98 S. Ct. at 2036. Although Monell involved municipal corporations, the Eleventh Circuit has extended Monell's holding to private corporations. Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992). Plaintiff fails to allege that Corrections Corporation of America had an established policy or custom which led to the alleged violations of his constitutional rights. Therefore, Plaintiff fails to state a claim against Corrections Corporation of America.

Plaintiff names Coffee Correctional Facility as a Defendant because it was the location of the alleged use of force and Plaintiff's injury. 42 U.S.C. § 1983 makes actionable the conduct of "[e]very person" who, under color of state law, causes constitutional deprivations. Correctional facilities are not generally considered legal entities subject to suit. See Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992). Accordingly, Plaintiff cannot pursue a claim against Coffee Correctional Facility because it is not a proper party defendant. Shelby v. City of Atlanta, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984).

Plaintiff names Commissioner James Donald as a Defendant based on his supervisory role as the contracted employer of all the aforementioned Defendants.

However, in a section 1983 action, liability cannot be imposed against a supervisor based solely on the acts of a subordinate. Lester v. Hadley, 2007 WL 1589532 at *2 (S.D. Ala. May 31, 2007) (citing Monell, 436 U.S. 658 at 691, 98 S.Ct. 2018 at 2036). Additionally, a supervisor may only be held liable when "the supervisor personally participates in an alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003) (citing Braddy v. Florida Dep't of Labor & Employment, 30 F.3d 1390, 1396 (11gth Cir. 1994)). Plaintiff fails to allege any specific action or inaction on the part of Defendant Donald; therefore, Plaintiff has failed to state a claim upon which relief can be granted against Commissioner James Donald.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Corrections Corporation of America, Coffee Correctional Facility, and Commissioner James Donald be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED AND RECOMMENDED**, this 17th day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

4