IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

WILLIAM IRA NESMITH,

    Plaintiff,

v.

Senior CO Sgt. J. A. JOHNSON;
Warden TODD THOMAS, and
CORRECTIONS CORPORATION
OF AMERICA,

    Defendants.

CIVIL ACTION NO.: CV507-043

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Lee State Prison in Leesburg, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement while he was housed at Coffee Correctional Facility in Nicholls, Georgia. The Defendants filed a Motion for Summary Judgment. Plaintiff filed a response. For the following reasons, Defendants' Motion for Summary Judgment should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff avers that, while he was housed at Coffee Correctional Facility, he was refused a meal and subsequently requested to see a supervisor. Plaintiff further avers that when Sergeant CO J. A. Jackson ("Defendant Jackson") refused Plaintiff's request to see a supervisor, Plaintiff presented his hands behind his back and requested lockdown. Plaintiff alleges Defendant Jackson then handcuffed Plaintiff, jerked the handcuffs upward, kicked Plaintiff's feet out from under him and banged Plaintiff's head

on the floor several times. Plaintiff asserts that as a result of the incident he was taken to the medical department due to an injury over his right eye. Plaintiff further asserts that he was taken back to medical with complaints of chest, rib, neck, back, and head pain. Plaintiff contends that he has exhausted his administrative remedies.

Defendants Corrections Corporation of America, Johnson, and Thomas contend in their Motion for Summary Judgment that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies before initiating this action. Defendant Thomas further contends that he is entitled to summary judgment because Plaintiff attempts to hold him responsible solely on the basis of respondeat superior principles.

## STANDARD OF REVIEW

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F. 3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F. 3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F. 3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F. 3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

Furthermore, this Court has previously recognized that in accordance with "Congress's intent to curtail inmate litigation, coupled with the Eleventh Circuit's policy bent...irrespective of whether the issue is reached under Rule 12(b)(1), 12(b)(6), or 56, exhaustion constitutes a preliminary issue for which no jury trial right exists, and therefore judges can and should make credibility determinations on exhaustion-excusal issues." Priester v. Rich, 457 F. Supp. 2d 1369, 1377 (S.D. Ga. 2006).

## DISCUSSION AND CITATION OF AUTHORITY

Defendants Corrections Corporation of America, Johnson, and Thomas contend there is no record of Plaintiff exhausting his administrative remedies regarding the alleged use of force incident on May 21, 2006. (Doc. No. 51, p. 6). Defendants further

contend Plaintiff did not file an informal grievance, a formal grievance, or a request to file an out-of-time grievance. Id. Gregory Griffin filed an Affidavit in support of Defendants' Motion for Summary Judgment. He avers that he was employed as a counselor at Coffee Correctional Facility during the time in question and was the counselor to whom Plaintiff would have given any grievances. (Doc. No. 51, Ex. E). Griffin states that at no point did Plaintiff give him an informal or formal grievance regarding the May 21, 2006, use of force incident. Id. Griffin further states that had Plaintiff handed him a grievance, he would have given Plaintiff a receipt and then forwarded the grievance to the deputy warden for a response. Id. In Lisa Trowell's Affidavit in support of the Defendants' Motion for Summary Judgment, she states that she is the grievance coordinator at Coffee Correctional Facility and that her office maintains a record of formal and informal grievances filed by inmates. (Doc. No. 51, Ex. F). She further states that a grievance must be filed within ten days of the incident about which the inmate has a complaint. Id. Trowell states that there is no record of an informal grievance filed by Plaintiff regarding the May 21, 2006, incident. Id. Peggy Cooper also filed an Affidavit in support of Defendants' Motion for Summary Judgment. Cooper states that she is the Assistant Warden at Coffee Correctional Facility and that informal grievances are forwarded to her for investigation and response. (Doc. No. 51, Ex. G). Cooper states that policies implemented by the Georgia Department of Corrections govern the manner in which inmate grievances are handled. Cooper further states that inmates are required to file an informal grievance and then a formal grievance if the response to the informal grievance is unsatisfactory. Id. Cooper also states that inmates can file a request to waive the time for filing the grievance. Id.

Cooper states that there is no record of Plaintiff filing a formal or informal grievance regarding the alleged May 21, 2006, use of force incident. Id.

Plaintiff contends that he filed four grievances regarding the May 21, 2006, use of force incident. (Doc. No. 57, p. 7). Plaintiff further contends that while in segregation at Coffee Correctional Facility, he hand delivered to Griffin an informal grievance on the incident in question. Id. Plaintiff avers that he was moved from Coffee Correctional Facility before he had a chance to file a formal grievance regarding the May 21, 2006, incident. Plaintiff further avers that a formal grievance he filed at Lee State Prison about the May 21, 2006, incident was denied. (Doc. No. 51, Ex. C, pp. 11-13). Jeffery Scott Wilson submitted an Affidavit in support of Plaintiff's Complaint. (Doc. No. 57, Ex. B). In his Affidavit, Mr. Wilson alleges that, ". . . Mr. Nesmith has passed important legal documents vital to the above action to *Mens* [sic] *State Prison* Staff/Administration with the understanding that copies would be made by said staff and all documents and copies would be returned . . . " (Doc. No. 57, Ex. B) (emphasis added).

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing

suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F. 3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F. 3d 1321, 1325 (11th Cir. 1998)). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

The Georgia Department of Corrections[1] has a statewide grievance procedure that requires that prisoners file informal grievances within ten calendar days of the occurrence of any alleged grievable incident. Standard Operating Procedure ["SOP"] IIB05-0001, VI(B)(5).[2] An inmate shall receive a written response within ten calendar days of receipt of the informal grievance by the inmate's counselor. Id. at VI(B)(12). After completing the informal grievance procedure, an inmate can file a formal grievance. Id. at VI(C)(1). A formal grievance shall be returned to the inmate with the Warden's response within thirty days of the filing of the grievance. Id. at VI(C)(14). An inmate may appeal the result of the formal grievance. Id. at VI(D)(1). After receiving the Warden's response to the formal grievance, an inmate has five business days to file an appeal with the Office of the Commissioner. Id. at VI(D)(2).

Defendants Corrections Corporation of America, Thomas, and Johnson contend that Plaintiff's claims are barred because he failed to exhaust available administrative remedies before filing the present lawsuit. Plaintiff asserts that he filed an informal

---

[1] While Coffee Correctional Facility is a privately run corporation, the rules regarding the handling of grievances are governed by policies implemented by the Georgia Department of Corrections. See Doc. No. 51, Ex G.

[2] Disciplinary actions are grieved by procedures established in Georgia Department of Corrections Rule 125-2-4-.23 and SOP IIB05-0001.

grievance while at Coffee Correctional Facility and a formal grievance while at Lee State Prison. The only evidence he offers in support of these assertions is Mr. Wilson's Affidavit. In his Affidavit, Wilson avers to have seen Plaintiff pass "important legal documents", but states that it took place at a correctional facility other than Coffee Correctional Facility or Lee State Prison. (Doc. No. 57, Ex. B)

Conversely, the Defendants point to the record's lack of evidence of Plaintiff filing a grievance with prison officials regarding the May 21, 2006, use of force incident. Griffin's Affidavit establishing that he would have been responsible for receiving any grievance filed by Plaintiff and that he received no such grievance further supports Defendants' position. Lisa Trowell and Peggy Cooper also provided affidavits establishing that there is no record of Plaintiff filing a formal or informal grievance regarding the May 21, 2006, use of force incident. Plaintiff enters no evidence into the record in rebuttal.

Based on the evidence before the Court, the Plaintiff did not initiate an informal or formal grievance concerning the issues raised in his Complaint. However, even assuming, arguendo, that Plaintiff did file an informal and formal grievance regarding the May 21, 2006, use of force incident, the record lacks any evidence of Plaintiff filing an appeal with the Office of the Commissioner. Thus, Plaintiff did not exhaust his administrative remedies pertaining to the alleged use of force incident which occurred on May 21, 2006. Prisoners are required to file both informal and formal grievances, as well as appeals in order to exhaust their administrative remedies. The Supreme Court has held that prisoners must exhaust their administrative remedies before seeking relief from the courts. Porter, 534 U.S. at 523, 122 S. Ct. at 987.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion for Summary Judgment filed by Defendants Corrections Corporation of America, Johnson, and Thomas (Doc. No. 51) be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his available administrative remedies prior to filing his Complaint.

**SO REPORTED** and **RECOMMENDED**, this 1st day of July, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE